# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

ANN FREE,

    Plaintiff,

v.                                                               Case No.:

LITTLEFIELD CORPORATION;
PENSACOLA CHARITABLE BINGO
ASSOCIATION; and RICHARD
BUNKLEY,

    Defendants.
_____/

## **INITIAL COMPLAINT**

    COMES NOW the plaintiff, Ann Free, by and through her undersigned counsel, and hereby files this Initial Complaint against Defendants, Littlefield Corporation; Pensacola Charitable Bingo Association; and Richard Bunkley, and alleges:

### *I. Jurisdiction and Venue*

    1.    This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331 insofar as claims arise under the Fair Labor Standards Act (FLSA), codified at 29

U.S.C. § 201, *et seq.* This Court also has supplemental/pendant jurisdiction over plaintiff's minimum wage claim under Florida law.

2. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) and (c) because the claims arose in this district; Defendants have an office and operate in this district; Plaintiff was employed, paid, and worked in this district; all causes of action accrued in this district; and Defendants are subject to personal jurisdiction in this district.

## *II. Parties*

3. At all times relevant hereto, Plaintiff, Ann Free, was a floor worker at a bingo establishment owned, operated, and/or controlled by Defendants.

4. At times relevant hereto, Defendant Littlefield Corporation employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that have moved in interstate or foreign commerce, and upon information and belief has had gross revenues exceeding $500,000 per year.

5. Defendant Littlefield Corporation is subject to, and not exempt from, the provisions of the FLSA.

6. Upon information belief, Defendant Littlefield Corporation is a Texas corporation which has its primary place of business in Waco, Texas. It provides

2

services and engages in business in Florida, and it has purposely availed itself of the privilege of operating, conducting, engaging in, and carrying on substantial, not isolated, business or business ventures in Florida. Nevertheless, upon information and belief, Littlefield Corporation is not registered to do business with the Secretary of State of Florida. Consequently, Littlefield Corporation is subject to substitute service upon the Secretary of State of Florida pursuant to Fla. Stat. § 48.181.

7. At times relevant hereto, Defendant Pensacola Charitable Bingo Association employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that have moved in interstate or foreign commerce, and upon information and belief has had gross revenues exceeding $500,000 per year.

8. Defendant Pensacola Charitable Bingo Association is subject to, and not exempt from, the provisions of the FLSA.

9. Upon information and belief, Defendant Pensacola Charitable Bingo Association has its primary place of business in Pensacola, Florida. It provides services and engages in business in Florida, and it has purposely availed itself of the privilege of operating, conducting, engaging in, and carrying on substantial, not isolated, business or business ventures in Florida. Nevertheless, upon

information and belief, Pensacola Charitable Bingo Association is not registered to do business with the Secretary of State of Florida. Consequently, Pensacola Charitable Bingo Association is subject to substitute service upon the Secretary of State of Florida pursuant to Fla. Stat. § 48.181.

10. Defendant Richard Bunkley was at times relevant hereto an officer in and Chief Operating Officer of Littlefield Corporation, exercised control over Littlefield Corporation's operations, and played a substantial role in determining the compensation of Plaintiff in her employment with Littlefield Corporation.

11. Upon information and belief, Defendant Richard Bunkley was at times relevant hereto an officer in Pensacola Charitable Bingo Association, exercised control over Pensacola Charitable Bingo Association's operations, and played a substantial role in determining the compensation of Plaintiff in her employment with Pensacola Charitable Bingo Association.

12. Defendant Richard Bunkley is subject to, and not exempt from, the provisions of the FLSA.

### III.  Factual Allegations

13. Plaintiff began working for Defendants prior to January, 2017. At times pertinent hereto, she was jointly employed as an "employee" of Defendants within the meaning of the FLSA.

14. Defendants owned/operated at least one bingo hall in Northwest Florida, which operated under the name Town & Country Bingo and was located at 3300 North Pace Boulevard, Pensacola, Florida.

15. This Town & Country Bingo establishment was at all times relevant hereto engaged in commercial activities and competed with other private businesses in the district.

16. Throughout her employment with Defendants, Plaintiff routinely worked in excess of 40 hours per week. Nevertheless, Defendants failed to compensate her at the legally required rate for those overtime hours.

17. In or around May, 2018, Bunkley advised employees, including Plaintiff, that they would no longer be paid for any of the hours that they worked; instead, the only compensation they would receive would be in the form of tips received from patrons.

18. Upon information and belief, Defendants also failed to keep and preserve records of those employed by them and the wages, hours, and other conditions and practices of employment as required by 29 U.S.C. § 211(c).

### IV. Count I -- Violation of Fair Labor Standards Act
### (Minimum Wages)

19. Plaintiff realleges and incorporates herein paragraphs 1 through 18,

above.

20. Defendants are subject to, and not exempt from, the provisions of the FLSA.

21. Throughout Plaintiff's employment with Defendants, Defendants were fully aware of the FLSA and the obligations imposed by it to pay Plaintiff the required minimum wages.

22. Nevertheless, Defendants failed to compensate her at the legally required wage.

23. Such conduct of Defendants constituted a violation of the FLSA, as well as a willful and intentional violation thereof.

24. As a result of Defendants' violation of the FLSA, Plaintiff has been denied compensation for her labor at the legally required rate.

25. Moreover, Plaintiff has had to retain an attorney in order to collect the legally required minimum wages owed to her by Defendants.

WHEREFORE, Plaintiff demands judgment against Defendants for all unpaid minimum wages due; an additional equal amount as liquidated damages; interest, including pre-judgment interest; costs; attorneys' fees; and any other relief to which she may be entitled.

### V.  Count II  -- *Violation of Fair Labor Standards Act*
### *(Overtime Compensation)*

26.	Plaintiff realleges and incorporates herein paragraphs 1 through 18, above.

27.	Defendants are subject to, and not exempt from, the provisions of the FLSA.

28.	Plaintiff was entitled to, and not exempt from, the protections and provisions of the FLSA.  Additionally, there were no exemptions under the FLSA which would be applicable to Plaintiff.

29.	Throughout Plaintiff's employment with Defendants, Defendants were fully aware of the FLSA and the obligations imposed by it to pay overtime compensation.

30.	Nevertheless, Defendants willfully and intentionally failed and refused to properly compensate Plaintiff and pay her overtime wages.  Such conduct of Defendants constituted a violation of the FLSA, as well as a willful and intentional violation thereof.

31.	As a result of Defendants' violation of the FLSA, Plaintiff has been denied compensation for her labor at the legally required rate.

32.  Moreover, Plaintiff has had to retain an attorney in order to collect the overtime wages owed to her by Defendants.

WHEREFORE, Plaintiff demands judgment against Defendants for all unpaid overtime compensation; an additional equal amount as liquidated damages; interest, including pre-judgment interest; costs; attorneys' fees; and any other relief to which she may be entitled.

### VI.  Count III  -- Florida Minimum Wage Act Claim

33.  Plaintiff realleges and incorporates herein paragraphs 1 through 18, above.

34.  Defendants are subject to, and not exempt from, the provisions of the Florida Minimum Wage Act (FMWA), which is mandated by Section 24, Article X of the Florida Constitution and implemented by Section 448.110, <u>Florida Statutes</u>.

35.  Plaintiff was entitled to, and not exempt from, the protections and provisions of the FMWA.  Additionally, there were no exemptions under the FMWA which would be applicable to Plaintiff.

36.  Throughout the 2018 calendar year, the FMWA required that Plaintiff be compensated at the rate of at least $8.25 per hour.  In 2019 the FMWA required that Plaintiff be compensated at the rate of at least $8.46 per hour.  And during

2020 the Florida Minimum Wage Act requires that Plaintiff be compensated at the rate of at least $8.56 per hour.  Defendants were also fully aware of the FMWA and the obligations imposed by it.

37. Nevertheless, Defendants willfully and intentionally failed and refused to properly compensate Plaintiff.  Such conduct of Defendants constituted a violation of the FMWA, as well as a willful and intentional violation thereof.

38. As a result of Defendants' violation of the FMWA, Plaintiff has been denied compensation for her labor at the legally required rate.

39. Plaintiff has complied with the pre-suit requirements delineated in Section 448.110(6), Florida Statutes, as she provided Defendants 15 calendar days written notice of her intent to initiate an action for violations of the FMWA, during which time the claim was not resolved.

40. Moreover, Plaintiff has had to retain an attorney in order to collect the overtime wages owed to her by Defendants.

WHEREFORE, Plaintiff demands judgment against Defendants for all unpaid minimum wages; an additional equal amount as liquidated damages; interest, including pre-judgment interest; injunctive relief; costs; attorneys' fees; and any other relief to which she may be entitled.

*Plaintiff demands jury trial on all issues contained in this Initial Complaint which are so triable.*

>Respectfully submitted,
>
>s/Bradley S. Odom
>Bradley S. Odom, Esq.
>Florida Bar Number:  932868
>Richard D. Barlow, Esq.
>Florida Bar Number:  0425176
>ODOM & BARLOW, P.A.
>1800 North "E" Street
>Pensacola, Florida  32501
>(850) 434-3527
>email@odombarlow.com
>Attorneys for Plaintiff